# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LEROY MARTINEZ,

    Plaintiff,

v.                                                                                                               No. 19-cv-746 JCH/JFR

MARY LOU KERNS, *et al*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's failure to pay the initial partial filing fee in connection with his Civil Rights Complaint (Doc. 1). Plaintiff is incarcerated and proceeding *pro se*. By an Order entered February 25, 2020, the Court granted leave to proceed *in forma pauperis* and assessed an initial partial payment of $20.78. (Doc. 15). The payment was assessed pursuant to 28 U.S.C. § 1915(b), which requires inmates to pay an initial partial filing fee equal to 20% of their average monthly deposits or average monthly balance, whichever is greater. The Order warned that if Plaintiff fails to timely make the payment or show cause why it should be excused, the case will be dismissed.

Plaintiff failed to make the payment. Instead, he submitted two notices alleging his financial status has changed. The first notice only mentions a financial change in the title of the document ("Change of Status, Monthly Financials") but does not include any other information. (Doc. 17). The second notice contains an inmate account statement reflecting transactions in January and February of 2020. (Doc. 18). Plaintiff received $110 in January and $56.35 in February. (Doc. 18 at 1). He does not allege he recently lost his prison job or that his relatives stopped sending him money. However, the account statement reflects he made at least $124.21

in commissary purchases during January and February, which – when combined with other fees for ice cream, popcorn, and postage - lowered the account balance to $2.82. *Id.*

It appears Plaintiff does not wish to spend a good chunk of his monthly income on this litigation. The Tenth Circuit Court of Appeals addressed this exact issue in *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003). *Cosby* explained that the in forma pauperis statute is designed "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." 351 F.3d at 1327 (quotations omitted). In enacting the statute, Congress determined that prisoners must "bear some marginal cost for each legal activity." *Id.* (quotations omitted). "When a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments." *Id.* The Tenth Circuit therefore concluded that where "a court order requires partial payments," Rule 41 "allow[s] a district court to dismiss the action for failure to comply with the order." *Id.*

In accordance with *Cosby,* and because Plaintiff spent most of his income on commissary purchases, the Court finds he has not shown cause for the failure to make an initial partial payment. The Court will dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(b). *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the … court's orders."). The Court notes that the only practical consequence of dismissal in this particular case is that Plaintiff will have to fill out a new complaint and *in forma pauperis* application. The claims arose in August and November of 2018, and they will not be time-barred if filed anew. (Doc. 1 at 2). Section § 1983 violations occurring in New Mexico are governed

by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978). *See Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014); *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (The statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose."). Moreover, because this is not a dismissal on the merits, this Order will not count as a "strike" under the three-strikes rule governing civil prisoner complaints. *See* 28 U.S.C. § 1915(g) (Prisoners generally cannot proceed in forma pauperis if three prior prison-complaints were dismissed as frivolous, malicious, or for failure to state a claim).

Accordingly, **IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b); and the Court will enter a separate Judgment disposing of this civil case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail Plaintiff a form § 1983 complaint and a form in forma pauperis motion, should he wish to refile his claims.

_____
UNITED STATES DISTRICT JUDGE