IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEROY MARTINEZ,

    Plaintiff,

v.                                                                         No. 19-cv-746 JCH/JFR

MARY LOU KERNS, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's *pro se* motions to excuse monthly payments and reopen this case (Docs. 23, 24, 25). Plaintiff seeks to set aside the Memorandum Opinion and Judgment dismissing his 42 U.S.C. § 1983 civil rights action. *See* Docs. 19, 20 (together, the "Dismissal Ruling"). The Court entered the Dismissal Ruling after Plaintiff failed to make an initial partial payment of $20.78 by the March 26, 2020 deadline. *See* Docs. 19, 20. Such payment is required by statute. *See* 28 U.S.C. § 1915(b). Section 1915(b) requires inmates to make an initial partial payment equal to 20% of their average monthly deposits or average monthly balance, whichever is greater. Plaintiff's financial statements reflect he had sufficient income to pay the initial partial filing fee. *See* Doc. 14. However, in the months after filing this case, Plaintiff made at least $124.21 in commissary purchases, which – when combined with other fees for ice cream, popcorn, and postage – temporarily lowered the account balance to $2.82. *See* Doc. 18 at 1.

The Tenth Circuit holds that "where a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments." *Cosby v. Meadors*, 351 F.3d 1324,

1327 (10th Cir. 2003). Rule 41 "allow[s] a district court to dismiss the action for failure to comply with … a court order requires partial payments." *Id.* Accordingly, the Court determined Plaintiff did not show cause for his failure to make an initial partial payment and dismissed this case without prejudice to refiling. *See* Docs. 19, 20.

Because Plaintiff is *pro se*, the Dismissal Order explained that the only practical consequence is that he would have to fill out a new complaint and in forma pauperis application to pursue his claims. The claims arose in August and November of 2018, and they will not be time-barred if filed before August of 2021. *See* Doc. 1 at 2. Section § 1983 violations occurring in New Mexico are governed by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978). *See Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014); *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (The statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose."). The Dismissal Order also clarified that it will not count as a "strike" under the three-strikes rule governing civil prisoner complaints. *See* 28 U.S.C. § 1915(g) (Prisoners generally cannot proceed in forma pauperis if three prior prison-complaints were dismissed as frivolous, malicious, or for failure to state a claim). The Clerk's Office mailed Plaintiff a copy of the form § 1983 complaint and a blank *in forma pauperis* application, in the event he wished to refile his claims.

Rather than filing a new case, Plaintiff paid the $20.78 initial partial filing fee in this closed case and filed the instant motions to reconsider. Because the motions were filed within twenty-eight days after entry of the Dismissal Ruling, the Court will therefore analyze them under Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v.*

*Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008).  Grounds for setting aside the Dismissal Ruling include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e).  *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Having considered the record and Plaintiff's arguments, the Court finds no grounds to reopen this case.  Plaintiff does not cite new evidence or a change in the law.  He alleges the failure to timely pay the initial partial filing fee was due to prison delays outside of his control.  *See* Doc. 24 at 1-4.  Accepting this allegation as true, it does not describe a manifest injustice.  Plaintiff did not seek an extension of the payment deadline while the case was still open.   His only response to the IFP Order were two notices reflecting a change in financial status, which shows he made commissary purchases after the case was filed.   *See* Docs. 17, 18.   And, as described above, Plaintiff can still raise his claims in a new civil rights case.  Plaintiff will not even have to make another initial partial payment if he qualifies for *in forma pauperis* status in the new case.  He is no longer incarcerated, and the initial payment framework of § 1915(b) only applies to inmates.

For these reasons, the Court will deny Plaintiff's motions to reconsider the Dismissal Order.  *See* Docs. 23, 24, 25.  The Clerk's Office will send Plaintiff another form § 1983 complaint and application to proceed *in forma pauperis*, if he still wishes to pursue his claims in a new case.

**IT IS ORDERED** that Plaintiff's Motions to Reconsider/Reopen This Case (**Docs. 23, 24, and 25**) are **DENIED**.

3

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a form § 1983 complaint and a form in forma pauperis motion, should he wish to file a new case.

_____
SENIOR UNITED STATES DISTRICT JUDGE